IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**MATTHEW HUNT,**

    **Plaintiff,**

**V**

**THE LIGHTSTONE GROUP,**
**d/b/a SCOTSDALE APARTMENTS**

    **Defendants**
_____/
**KENNETH D. FINEGOOD, P.L.C.**
KENNETH D. FINEGOOD P36170
Attorney for Plaintiff
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248- 351-0608
_____/

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, MATTHEW HUNT, by and through his attorney, Kenneth D. Finegood, P.L.C. and for his complaint states as follows:

### JURISDICTION AND VENUE

1. This action arises out of a premises accident with jurisdiction of the court based upon 28 U.S.C. 1332 (Diversity of Citizenship).

2. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 as the corporate defendant does business in the southern district of Michigan, and this district is where the claim arose.

3. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

### COUNT I

4. That plaintiff MATTHEW HUNT is a resident of the city of Westland, Wayne County, Michigan.

5. That at the time of the incident complained of defendant THE LIGHTSTONE GROUP, d/b/a SCOTSDALE APARTMENTS (hereinafter referred to as "LIGHTSTONE GROUP") is a privately held real estate corporation whose corporate headquarters and principle place of business is 460 Park Avenue, New York, NY.

6. That on February 21, 2014 defendant LIGHTSTONE GROUP owned, possessed and controlled the residential apartment premises located at 37735 Scotsdale Circle, Westland, Michigan, including the parking lots and walkways within said premises.

7. That defendant LIGHTSTONE GROUP had notice that its parking lot and walkways were used by tenants including plaintiff Matthew Hunt.

8. That on or about February 21, 2014, plaintiff MATTHEW HUNT was a tenant/invitee of defendant, lawfully upon defendant's premises walking to his car in the parking lot when he slipped and fell violently to the ground on ice, which was not observable due to snow covering thereby sustaining personal injuries as hereinafter set forth.

9. That defendant LIGHTSTONE GROUP had a statutory duty to its tenants, including plaintiff, to maintain its premises in a reasonable condition for the benefit of its tenants. MCL 554.139

10. That defendant LIGHTSTONE GROUP breached its duty to plaintiff by allowing an unreasonably hazardous condition to exist, including snow covered ice in the parking lot, and posted no warnings to invitees of this dangerous an unsafe condition.

11. That defendant LIGHTSTONE GROUP either created this unreasonably hazardous condition due to carport runoff and knew or should have known that this condition existed, and yet allowed said condition to exist for an unreasonable length of time.

12. Evisceration of the open and obvious defense through violation of statutory duties under MCL 554.139 notwithstanding, said risk of danger on defendant's premises was neither open nor obvious upon casual inspection and was effectively unavoidable, due to condition, character and surrounding location.

13. That plaintiff MATTHEW HUNT's injuries were the direct and proximate result of defendant's negligence, consisting of without being limited to the following:

   a. That defendant maintained its premises in a dangerous and defective condition by allowing an unnatural accumulation of ice and snow to exist in the parking lot that defendant knew or should have known that said parking lot created an unreasonable risk of harm to plaintiff and others lawfully upon said premises.

   b. That defendant failed to warn plaintiff of the dangerous and hazardous condition of its premises by failing to post signs, barricades or using other means to cordon off said area to plaintiff or others lawfully on said premises.

   c. That defendant failed to provide plaintiff a safe and nonhazardous route on its premises.

   d. That defendant failed to diminish the hazard posed by the unnatural accumulation of ice and snow on its parking lot, when it knew or should have known that this condition created an unreasonable risk of injury to tenants in violation of statutory duties,

   e. That defendants created an unreasonable risk of harm by allowing an unnatural accumulation of ice and snow to exist which was not readily observable to the ordinarily observant person.

14. That plaintiff MATTHEW HUNT acted with reasonable care and was not comparatively negligent.

15. That as a direct and proximate result of the defendants' negligence, Plaintiff MATTHEW HUNT sustained severe personal injuries, including but not limited to an oblique fracture of the distal fibula, which injuries are progressive and permanent in nature.

16. That if it is established that plaintiff, MATTHEW HUNT was suffering from any of the aforestated conditions prior to this accident, then and in that event, plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

17. That as a result of his injuries, plaintiff MATTHEW HUNT has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred medical and hospital bills for his care and treatment.

18. Further, plaintiff MATTHEW HUNT, has suffered the loss of his ability to engage in various employment, household, social and recreational activities as a result of his injuries.

Wherefore, plaintiff MATTHEW HUNT prays for a judgment against the defendant THE LIGHTSTONE GROUP, d/b/a SCOTSDALE APARTMENTS in the amount he shall be found to be entitled to together with interest, court costs and attorney fees so wrongfully incurred.

### DEMAND FOR JURY IS HEREBY MADE

S/  Kenneth D. Finegood
Kenneth D. Finegood, P.L.C.
29566 Northwestern Hwy., Ste, 120
Southfield, MI 48034
248-351-0608
KDFesq44@AOL.com
(P36170)

Dated: September 28, 2015